UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAVITRI GUADALUPE DE LA MATTA & THE CONJUGAL PARTNERSHIP COMPOSED BY HER & HER HUSBAND EDWIN IVAN FELICIANO ALBERT **Plaintiffs** vs. HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO & THE EXECUTIVE DIRECTOR CARMEN VILLAR PRADOS; COMMONWEALTH OF PUERTO RICO HON. CESAR MIRANDA AS SECRETARY OF JUSTICE; DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS AND HON. MIGUEL A TORRES DIAZ IN HIS CAPACITY AS SECRETARY OF DTOP **Defendants** | CIVIL NO. INJUNCTION RELIEF; AMERICAN WITH DISABILITIES ACT (ADA) CLAIM; Sec. 504 REHABILITATION ACT; CIVIL RIGHTS (1983) CLAIM; RETALATION; LOCAL LAWS NO. 44 & 81; DAMAGES AND PUNITIVE DAMAGES JURY TRIAL REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

    **COME NOW**, Plaintiff, through the undersigned attorney, very respectfully states and prays:

**PRELIMINARY STATEMENT**

    1.    This is an action for Declaratory and Injunctive relief, damages and other relief under the American with Disabilities Act (hereinafter ADA), 42 USC sec. 1201 et seq.; Sec. 504 of the Rehabilitation Act as amended at 29 USC sec. 794, 42 USC sec. 1983 and Local Laws No. 81 of 1996 as amended (29 LPRA Sec. 1402), Law No. 44 of July 5, 1985 as amended (ADITA) on behalf of a qualified

1

individual with disabilities. Defendant failed to provide Savitri Guadalupe de la Matta (plaintiff), a person with disabilities, with reasonable accommodations and a working environment free from hazardous conditions which affected her health until the present. Furthermore, defendant overruled and refuses to implement the reasonable accommodation petition requested by the State Insurance Fund in behalf of plaintiff.

2.  Plaintiff seeks declaratory and injunctive relief to redress defendant's failure to provide her with reasonable accommodations

3.  Furthermore, Plaintiff requests the Honorable Court to fashion an appropriate remedy for the deprivations of plaintiff rights pursuant to 42 USC sec. 1983 and 29 U.S.C. Sec. 701 et seq.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction to entertain the claims pleaded herein pursuant to 28 U.S.C sec. 1331, 1343(a)(3), (a)(4). The district court has supplemental jurisdiction over state law claims pursuant to 28 U.S,C. sec. 1367. Plaintiff request for declaratory relief is authorized by 28 U.S.C. 2201 and 2202.

5.  Venue is proper in this district pursuant to 28 U.S.C. 1391 (a) and (b) because the events that gave rise to this Complaint occurred in this district.

6.  All conditions precedent to jurisdiction under 28 U.S.C sec. 1331, 1343(a)(3), (a)(4) and 28 U.S.C. 1391 have occurred or been complied with.

   a.  A timely administrative claim pursuant to ADA was filed at the EEOC (May 13, 2014). EEOC's Charge No. 16H-2014-00550.

b.   This complaint is being filed within 90 days of receipt of Right to sue letter dated January 20th, 2015 .

**PARTIES**

7.   Plaintiff SAVITRI GUADALUPE DE LA MATTA is a citizen of the United States who has been employed by HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO and resides in the municipality of Guaynabo, Commonwealth of Puerto Rico, which is in this judicial district. Plaintiff is qualified individual pursuant to ADA and handicapped within the meaning of Sec. 504 of the Rehabilitation Act.

8.   Plaintiff is married to EDWIN IVAN FELICIANO ALBERT and together they form a conjugal partnership that appears as co-plaintiff.

9.   Defendant HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO (hereinafter HTA) is a public instrumentality or corporation organized under the laws of the Commonwealth of Puerto Rico (Law Number 141 of July 20, 1960 as amended) in charge of public highways. It is a covered entity under ADA and the Rehabilitation Act. Defendant receives federal finance assistance for the programs they administered.

10.   Defendant CARMEN VILLAR PRADOS is currently the Executive Director of HTA and as such is responsible (within the Commonwealth of Puerto Rico) for the administration an implementation of all programs within the instrumentality, pursuant to several local laws including Law Number 74 of June 23, 1965 as amended, the Organic Law of HTA. Defendant Carmen Villar Prados is sued in her official capacity as Executive Director of HTA. As such, she has a duty to insure compliance with federal and state laws.

11. Defendant Department of Transportation & Public Works of Puerto Rico (hereinafter DTOP) is an agency or subdivision of the Commonwealth of Puerto Rico. It is a covered entity under ADA and the Rehabilitation Act.

12. Defendant MIGUEL A TORRES DIAZ is currently the Secretary of Department of Transportation & Public Works of the Commonwealth of Puerto Rico and pursuant to Puerto Rico's Political Code (3 L.P.R.A. sec. 411-et seq.) is responsible (within the Commonwealth of Puerto Rico) for the administration an implementation of all programs within HTA. Defendant Miguel A. Torres Diaz is sued in her official capacity as Secretary of DTOP and the statutory responsibilities imposed to his office in reference to HTA. As such, he has a duty to insure compliance with federal and state laws.

13. Defendant Honorable Cesar Miranda is the Secretary of Justice in Commonwealth of Puerto Rico and is mentioned in his official capacity as legal representative of all public agencies in the Commonwealth.

14. Defendants HTA and DTOP have more than 500 employees and receive federal funds for their daily operations.

15. All actions made by Defendants were made under color of law.

## STATUTORY SCHEME

16. The American with Disabilities Act (42 USC sec. 1201 et seq., hereinafter ADA), is a federal antidiscriminatory statute designed to remove barriers which prevented qualified individuals with disabilities from enjoying the same employment opportunities that are available to persons without disabilities. Like the Civil Rights Act of 1964 it prohibits discrimination and seeks to ensure equal access to equal employment opportunities based on merit. Furthermore, the

ADA requires employers to consider whether reasonable accommodations could remove a barrier created by the individual's disability. Local Laws No. 44 & No. 81, supra, used a similar approach.

17.  ADA establishes a process in which the employer must assess a disabled individual's ability to perform the essential functions of an specific job and take steps to reasonable accommodate the employee's needs. In a case by case approach, the employer is required to identify whether (and to what extent) a reasonable accommodation is needed for the qualified employee.

18.  ADA regulations [29 CFR sec. 1630.2(o)] require the employer to respond to an individual's request for reasonable accommodation and began an "informal interactive process with the individual" pursuant to determine the appropriate reasonable accommodation it may need.

19.  It is unlawful for a covered entity not to make reasonable accommodations to the known physical limitations of an otherwise qualified employee unless the employer shows undue hardship on the operation of his business [42 U.S.C. sec. 1212(b)(5)].

20.  It is unlawful to discriminate, coerce, threaten or harass any individual because that individual made a charge requesting enforcement of the ADA provisions. [28 CFR sec. 35.134]. This is a general prohibition of **Retaliation** and coercion [42 USC sec. 12203].

21.  Furthermore, Sec. 504 of the Rehabilitation Act of 1973, as amended, prohibits discrimination in employment of a qualified handicapped individual in any program or activity receiving federal financial assistance. Accordingly, "No

otherwise qualified individual with a disability in the United States, as defined in section 705 (20) of the Rehabilitation Act, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance".

22. The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706 (k) [42 U.S.C. 2000e-5(f) through k)] shall be available, with respect to any complaint under section 29 USC sec. 791, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternative therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

23. The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq)shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistant under 29 USC section 794.

24. Finally, Plaintiff is entitled to requests the Honorable Court to fashion an appropriate remedy pursuant to 42 USC sec. 1983. See Frazier v. Fairhevan School, 276 F.3d 52 (1st Cir, 2002).

25. Plaintiff demands that the instant 1983 DAMAGES action and all other federal causes of action be tried before a jury.

## STATEMENT OF FACTS

26. Plaintiff is a qualified individual under the ADA and the Rehabilitation Act of 1973 with a severe Allergic Asthma with hypersensitivity to halogens, acute asthma reactions and severe allergic episodes which substantially limit one or more of her major life activities. In addition, her medical condition significantly restricts the duration, manner or conditions in which she can perform major life's activities (as compared to an average person). Such medical conditions were diagnosed in June 2010.

27. As a result of Plaintiff's condition, any strong humidity, fumes or strong odor may cause a reaction in which Plaintiff experienced a rash, angioedema and severe bronchitis reaction, causing a contraction that affects her capacity to breath.  Accordingly, Plaintiff's suffered: nausea, swelling, dizziness & a strong chest pain caused by the lack of oxygen in the body. The severity of her reactions required to be taken to emergency for the first time in 2010.

28. Plaintiff occupied a position as "Industrial Security Inspector" with the HTA in the Southern part of Puerto Rico. In October 1, 2010, Plaintiff was translated to the Minillas Building in response to a request. In January 1, 2011 she was reclassified as an Executive Officer.

29. In July 2012 there was an opening for Director of the Office of Industrial Security. Plaintiff applied for the position and was selected. Since then, she has occupied such position as Director. As part of her duties, she is in charge

of all complaints and investigations for violations of OSHA. She also performs inspections to HTA's working sites looking for OSHA violations

30. At all times material to this action, Plaintiff performance was satisfactory.

31. Plaintiff's office is in a sick building. PROSHA performed an inspection\investigation and imposed a penalty [violation to 4 OSH 1910.22(a)(1)} on HTA and DTOP ($12,000.00 each) who occupied the South Tower at Minillas.

32. As a result of the above mentioned investigation, PROSHA produced a report in December 21, 2012 stating that "the air conditioning duct had dirties particulate falling that contained oxide metals, fiber glass and fiber plants on the desk, books, plans, work station, and other areas due to lack of cleaning of it…Also in the asbestos sampling results in the different floors were found fiberglass. **The fiberglass causes irritation in the eyes, skin, throat and respiratory system**…" (Emphasis supplied).

33. Plaintiff's condition did not improve in Minillas.

34. In January 2013 her parking space in Minillas was taken and given to another person. She wrote a letter to her supervisor (Human Resources Director) stating the need for a parking place in the building for health reasons. No answer was provided to her request.

35. In April 2013, while working (Plaintiff was attending to a meeting with attorney Aileen Amador, Executive Assistant to DTOP's Secretary) in Minillas, she suffered a severe allergic reaction which requires medical attention.

36. Since then, Plaintiff requested (several times) a reasonable accommodation to the Director of Human Resources informally. No response was provided.

37. Plaintiff conditions deteriorated while she was working in a sick building in Minillas.

38. In March 18, 2014, Plaintiff made a formal request for reasonable accommodation to Human Resources that was never answered.

39. The accommodation requested consists of relocating her physical office to HTA's offices in Bayamon.

40. In March 27, 2014, the Director of Human Resources called Plaintiff for a meeting and, **in retaliation for her petition**, instructed her not to report to work before 7:15am. It must be noted that Plaintiff is a Director (Executive) exempt from FLSA overtime payment and that such prohibition was not made extensive to other executive employees.

41. In March 28, 2014, while Plaintiff was at a staff meeting she suffered a severe allergic attack. Plaintiff was removed from Minillas in an ambulance and was hospitalized at Auxilio Mutuo Hospital until April 1, 2014. She continued in treatment at home until April 5th, 2014.

42. Plaintiff came back to work in April 8th, 2014 but no reasonable accommodation was granted.

43. On May 1, 2014 the State Insurance Fund (SIF) requested reasonable accommodation in behalf of Plaintiff.

44. Defendant HTA didn't provide any response to SIF's request in two weeks nor began an interactive process with Plaaintiff pursuant to determine the appropriate reasonable accommodation it may need.

45. A claim pursuant to ADA was filed at the EEOC (May 13, 2014). EEOC's Charge No. 16H-2014-00550.

46. Since then, Plaintiff has been the object of discrimination by **intentionally denying a reasonable accommodation** and has been **intentionally subject to working conditions that put at risk her health and aggravates her conditions**.

47. Plaintiff, in order to perform her duties in the "sick building" where she has her office, must take several medicines and steroids daily.

48. In November 7, 2014, Plaintiff wrote a letter to Human Resources new Director (Zulma I. Mendez Estrada) requesting a response to her unanswered petition for reasonable accommodation. The letter also stays that the lack of action from her employer is putting her health at risk.

49. To this day, Plaintiff has received no answer to the above mentioned letter.

50. Plaintiffs requested and obtain a "Right to Sue Letter" from EEOC dated January 20th, 2015.

51. For the violations of his statutory rights, described above, plaintiff has suffered damages and is entitled to an award of punitive and compensatory damages.

**COUNT I**
**DISCRIMINATION BASED ON DISABILITY**

**(TITLE I OF ADA & Local Law 44)**

52.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

53.     Plaintiff is a "qualified individual with a disability" as defined by 42 U.S.C. sec. 12131(2) and Local Law No. 44.

54.     Plaintiff has been denied and excluded from her ADA's rights to reasonable accommodation for no reason whatsoever. Defendants have completely ignored her petition in violation of federal & Commonwealth laws.

55.     As a result of Defendants intentional denial of reasonable accommodation, Defendants has unlawfully violated ADA and Local Law No. 44 by discriminating against Plaintiff by reason of Plaintiff's disabilities and put her health at risk for no reason.

56.     As a direct and proximate result of Defendants unlawful discrimination, Plaintiff has sustained injuries and damages (physical and emotional) that we estimate in $1,000,000.00.

**COUNT II**
**VIOLATION OF THE REHABILITATION ACT**

57.     Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

58.     Plaintiff is a "disabled/handicapped individual" as defined by 29 U.S.C. sec. 705.

59. Plaintiff has been denied and excluded from her rights to reasonable accommodation under the Rehabilitation Act for no reason whatsoever. Defendants have completely ignored her petition in violation of section 504 of the Act.

60. As a result of Defendants intentional denial of reasonable accommodation, Defendants has unlawfully violated the Rehabilitation Act by discriminating against Plaintiff by reason of Plaintiff's disabilities and put her health at risk for no reason.

61. As a direct and proximate result of Defendants unlawful discrimination, Plaintiff has sustained injuries and damages (physical and emotional) that we estimate in $500,000.00.

## COUNT III
## VIOLATION OF 42 USC SEC. 1983

62. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

63. Defendants are Commonwealth subdivisions acting under color of law.

64. Plaintiff has been deprived and excluded from her ADA & Rehabilitation Act rights to reasonable accommodation by Defendants for no reason whatsoever.

65. As a result of Defendants intentional depravation of reasonable accommodation, Defendants shall be liable to the party injured (Plaintiff) in an action at law, suit in equity, or other proper proceeding.

66. Plaintiff hereby requests the Honorable Court to fashion an appropriate remedy pursuant to 42 USC sec. 1983 including compensatory damages and injunctive relief ordering the reasonable accommodation requested to avoid further damage to her health.

### COUNT IV (RETALIATION)

67. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

68. In response to Plaintiff's request for reasonable accommodation and the filing of charges at the EEOC, Defendants have intentionally ignored her petition and harassed her by denying her a parking place and taking selective disciplinary measures against her.

69. Defendants actions materially injures or harms Plaintiff (an employee who has complained of discrimination) and would dissuade a reasonable worker of the futility from making a charge of discrimination.

70. As a direct and proximate result of Defendants unlawful retaliation, Plaintiff has sustained injuries and damages (physical and emotional) that we estimate in $500,000.00.

### COUNT V (PUNITIVE DAMAGES)

71. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

72. Defendants engaged in intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual" 42 U.S.C. sec. 1981a(b)(1).

73. Defendants' discriminatory actions lacked a glimpse of good faith and should be considered "outrageous".

74. For the reasons stated above, Plaintiff is entitled to punitive damages and we request that such damages will be for the amount of $1,000,000.00.

## RELIEF REQUESTED

Wherefore, Plaintiffs pray that this Court take jurisdiction of this action and that upon consideration of such further evidence as may be received, issue an order determining the rights and obligations of the parties and, more specifically:

(1) Declaring that Defendants failed to comply with the requirements of ADA resulting in a discriminatory denial of Petitioner's request for reasonable accommodation.

(2) Awarding the plaintiffs their costs, including attorney fees, court costs and other costs necessary for the prosecution of this action.

(3) Awarding Damages to compensate for the Retaliation that Plaintiff suffered after she filed her EEOC charge;

(4) To fashion an appropriate remedy pursuant to 42 USC sec. 1983 including such further different or additional relief as may be appropriate including punitive damages.

In San Juan, Puerto Rico, this 20th day of APRIL, 2015.

PEREZ RIVERA LAW OFFICES
P.O. BOX 9008
SAN JUAN, PR 00907-9008

TEL. (787) 348-1931

*S/ HÉCTOR J. PEREZ-RIVERA*
**HECTOR J. PEREZ-RIVERA**
**USDC No.: 212213**
**E-MAIL: HECTORJUANP@HOTMAIL.COM**